# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLIE F. GLOVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:19-CV-277 (MTT) |
| ) | |
| CITY OF ABBEVILLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

On July 10, 2019, pro se Plaintiff, Charlie F. Glover, Jr., filed a complaint under Title VII of the Civil Rights Act and paid the $400.00 filing fee. Doc. 1. Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve the defendant with all appropriate papers within 90 days from the date he files his complaint. Glover failed to serve the City of Abbeville.

On November 7, 2019, the Court ordered Glover to show cause why his complaint should not be dismissed without prejudice pursuant to Rule 4(m) because he had not served the Defendant. Doc. 3. Glover was ordered to advise the Court, no later than November 21, 2019, as to the status of his efforts to serve the Defendant. *Id.*

On November 18, 2019, Glover responded by filing two memos addressed to the "City of Abbeville Mayor and Council." Doc. 4. In the first, dated March 6, 2018, Glover complained to the Mayor and Council about "an unwarranted

reprimand" he received from his supervisor, Chief of Police, William Bass. Doc. 4 at 3. The second memo, dated March 27, 2018, was apparently written "in reference to the request by the Mayor to resubmit [his] rebuttal to the reprimand given . . . by Bass." Doc. 4 at 1. Glover also attached a copy of the written reprimand he received from Bass and a copy of the City of Abbeville's "Personnel Policies." Docs. 4-1; 4-2. None of these documents answer the question posed in the Court's November 7, 2019 Order—what efforts, if any, did Glover take to serve the City of Abbeville with a copy of his July 10, 2019 complaint.

Fed. R. Civ. P. 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule allows the Court to dismiss an action "on its own after notice to the plaintiff." *Id.* On November 7, 2019, the Court provided the Plaintiff with this notice. Doc. 3. Despite being told to "advise the Court . . . as to the status of his efforts to serve the Defendant, and to show cause why his case should not be dismissed pursuant to Rule 4(m) for failure to serve the Defendant" (Doc. 3), Glover's response (Doc. 4) completely fails to address service of process.

Thus, Glover has not shown "good cause for the failure" to serve the Defendant. Fed. R. Civ. P. 4(m). "Even if a district court finds that a plaintiff

failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Rance v. Rocksolid Granite USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted).  The Advisory Note to Rule 4(m) gives some guidance regarding what factors may justify the grant of an extension of time absent a showing of good cause.  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

Glover's complaint shows "that the alleged discriminatory acts occurred on" March 1, 2018.  Doc. 1 at 4.  He also shows that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue letter, which he received on April 15, 2019.[1]  Doc. 1 at 5.  A Title VII action must be filed in the district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Fla.,* 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII . . . action[] may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge.").  Glover's complaint was filed on July 10, 2019, which was within 90 days of April 15, 2019.  Doc. 1 at 5.  Should his action be dismissed without prejudice, however, he may be barred from refiling because more than 90 days has passed since he received the EEOC right-to-sue letter.

---

[1] Glover did not attach a copy of the EEOC's Notice of Right to Sue letter to his complaint.

Because Glover is proceeding pro se and because he may be barred from refiling should his action be dismissed, the Court will allow Glover one last opportunity to serve the named Defendant. Pursuant to Rule 4(m) the Court may "order that service be made within a specified time." The Court, therefore, **ORDERS** that service be made **on or before January 3, 2020**. Should Glover fail to properly serve the Defendant **on or before January 3, 2020**, his action will be dismissed without prejudice. Given the passage of time, such a dismissal may, in effect, be a dismissal with prejudice that bars Glover from refiling his action.

**SO ORDERED**, this the 3rd day of December, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT