IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLIE F. GLOVER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION: 5:19-CV-277 (MTT) |
| | ) |
| CITY OF ABBEVILLE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

Defendant moves to dismiss Plaintiff's complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Docs. 8; 14. Defendant's motions to dismiss for insufficient service of process, Docs. 8; 14, are **GRANTED** and the case is dismissed without prejudice. Because service of process is a jurisdictional requirement, and the Court finds it does not have personal jurisdiction over the Defendant, it does not reach the merits of the Defendant's Federal Rule Civil Procedure 12(b)(6) argument.

### PROCEDURAL HISTORY

On July 10, 2019, pro se Plaintiff Charlie Glover filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Doc. 1. Glover paid the filing fee. Glover failed to serve the Defendant, City of Abbeville, within 90 days. The Court, therefore, issued a show cause order, ordering Glover to advise the Court, no later than November 21, 2019, as to the status of his efforts to serve the City of Abbeville, and to

1

show cause why his case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the Defendant.  Doc. 3.

Although Glover responded on November 18, 2019, his response completely failed to address service of process.  Doc. 4.  Thus, he failed to show "good cause for the failure" to serve the City of Abbeville.  Fed. R. Civ. P. 4(m).  Because Glover was proceeding pro se and because he might be barred from refiling should his action be dismissed, the Court gave Glover "one last opportunity" to perfect service.  Doc. 5 at 4.  In its December 3, 2019 Order, the Court ordered that service be made on or before January 3, 2020.  *Id.*  The Court informed Glover that if he failed to properly serve the City of Abbeville on or before January 3, 2020, his action would be dismissed without prejudice. But, given the passage of time, such a dismissal may, in effect, be a dismissal with prejudice that would bar him from refiling his action.  *Id.*

A summons was issued, Doc. 6, and served on the City Clerk for the City of Abbeville, Aundrea Brannon-Hall, on December 12, 2019, Doc. 7.

The City of Abbeville filed an answer, Doc. 9, and a motion to dismiss, Doc. 8, stating that "Plaintiff finally served the City of Abbeville's Clerk on December 12, 2019, over 156 days after this action was filed," Doc. 8-1 at 1.  It moved to dismiss, arguing that (1) it had not been served within 90 days from the date the complaint was filed, and (2) Glover failed to allege any acts of discrimination.  Doc. 8-1.

Because Glover was proceeding pro se, the Court thought it "appropriate and necessary to advise him of his obligations in responding to the motion [to dismiss] and of the consequences he may suffer should he fail to properly respond."  Doc.10.  In a

January 8, 2020 Order, the Court advised Glover that he had a right to oppose the granting of the motion to dismiss, and he had a right to amend his complaint. *Id.* at 1. The Court specifically told Glover that he "should be aware that a dismissal may prevent him from re-filing his complaint if any applicable statute of limitations would bar further litigation." *Id.* at 1 n.1.

Because the City of Abbeville did not address in its motion to dismiss the Court's December 3, 2019 Order, in which the Court gave Glover until January 3, 2020 to perfect service, the Court ordered the City of Abbeville to do so. Doc. 11. Specifically, in its January 8, 2020 Order, the Court ordered the City of Abbeville to supplement its motion to dismiss to address how the Court's December 3, 2019 Order impacts its motion to dismiss. *Id.* at 2.

On January 14, 2020, Glover responded to the Court's January 8, 2020 Order. Doc. 12. Glover stated that he thought service would take place automatically after he filed his complaint. *Id.* He apologized for his confusion. *Id.* Glover did not amend his complaint.

On January 15, 2020, the City of Abbeville amended its answer and motion to dismiss. Docs. 13; 14. The City of Abbeville stated that "it still has not been served with Plaintiff's Complaint, over 186 days after the action was filed." Doc. 14-1 at 1-2. The Defendant explained that on December 12, 2019, only a copy of the summons was served on the City Clerk; a copy of the complaint was not served. Docs. 14; 16. The City of Abbeville attached to its motion to dismiss an affidavit from Aundrea Brannon-Hall, in which she states that Deputy Sheriff John Henley served on her a summons that

3

did not have a copy of the complaint attached. Doc. 14-2 at 1. She states that the City of Abbeville has not been served with a copy of the complaint. *Id.* at 2. The City of Abbeville again moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for failure to perfect service and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 14.

On January 23, 2020, the Court advised Glover of his obligation to respond to the City's amended motion to dismiss and of the consequences he may suffer should he fail to properly respond. Doc. 15. The Court again told Glover he may want to consider amending his complaint to cure, if possible, the deficiencies noted in the City's amended motion to dismiss. *Id.* The Court also informed Glover that any applicable statute of limitations may bar him from re-filing his action should it be dismissed. *Id.*

On January 27, 2020, the City of Abbeville responded to the Court's January 8, 2020 Order. Doc. 16. The City of Abbeville stated that it had inadvertently overlooked the Court's December 3, 2019 Order that gave Glover until January 3, 2020 to perfect service. *Id.* at 2. It stated, however, that its amended motion to dismiss should still be granted because Glover still had not served the City of Abbeville with a copy of the complaint; Glover's complaint failed to allege any facts of discrimination; and his complaint lacked any detail concerning the identity of any of the alleged actors who he claims are responsible for the allegedly discriminatory conduct. Doc. 16.

On January 30, 2020, Glover responded to the amended motion to dismiss. Doc. 17. He merely stated again that he mistakenly thought the City of Abbeville would be served automatically after he filed the complaint and paid the filing fee. *Id.* He stated

that he "quickly corrected the error" when the Court notified him to perfect service. *Id.* Glover did not state that he served a copy of the complaint on the City of Abbeville. *Id.* Glover did not amend his complaint.

On February 15, 2020, the City of Abbeville filed a reply in which it stated that as of February 15, 2020, Glover has "yet to serve the City of Abbeville with a copy of his [c]omplaint." Doc. 18 at 2.

## STANDARD OF REVIEW

The City of Abbeville moves to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003). Generally, the Court must consider jurisdictional issues first. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999). Accordingly, where service of process is insufficient, it is "improper for the district court to ... reach[ ] the merits." *Jackson v. Johns*, 259 F. App'x 181, 182-83 (11th Cir. 2007) (citation omitted) (vacating district court's order dismissing with prejudice for failure to state a claim and remanding with instructions to dismiss without prejudice for failure to properly serve defendants); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997); *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) (finding no personal jurisdiction and stating that it "underst[oo]d and appreciate[d] the district court's motivation to address the merits of

the claims in the alternative" but vacated "the portion of the district court's order dismissing the complaint with prejudice for failure to state a claim. . ."). Because the Court finds that Glover did not properly serve the City of Abbeville, the Court does not have personal jurisdiction over the City of Abbeville. The Court, therefore, does not address the City of Abbeville's motion to dismiss for failure to state a claim under Rule 12(b)(6).

Under Rule 4 of the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." See Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(2). "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The defendant initially has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet procedural requirements governing service. *See Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (citation omitted); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). Once challenged, the plaintiff bears the burden of proof regarding the validity of service. *See Familia De Boom v. Arosa Mercantil, S.A., 629 F2d 1134, 1138 (5th Cir. 1980), overruled on other grounds by Ins.*

*Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694 (1982).[1] "A defendant's actual notice [of a lawsuit] is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

The Court may make factual findings necessary to resolve a motion to dismiss for insufficiency of service of process "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). "'[T]he defense of improper service of process involves a matter in abatement and does not go to the merits of the action' and . . . any 'factual question raised by the affidavits or other evidence presented on a . . . Rule 12(b)(5) motion should be determined by the district court.'" *Id.* (citation omitted).

A "document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). But, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Albra*, 490 F.3d at 829 (citations omitted) (stating that "although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules'").

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

## ANALYSIS

Glover failed to serve the City of Abbeville within 90 days of filing the complaint, as is required by Federal Rule of Civil Procedure 4(m).  Doc. 3.  Because he is proceeding pro se and he may not be allowed to refile his action due to the passage of time, the Court allowed him until January 3, 2020 to serve the City of Abbeville.  *Id.*  Glover served a copy of the summons on the City Clerk.  Doc. 14-2.  A copy of the complaint was not attached to the summons.  *Id.*  Despite receiving the Defendant's amended motion to dismiss, Doc. 14; the Defendant's response to the Court's January 8, 2020 Order, Doc. 16; and the Defendant's reply, Doc. 18, all of which alleged that Glover had failed to serve the City of Abbeville with a copy of the complaint, Glover still failed to serve a copy of the complaint on the Defendant.

Service of the summons alone did not properly perfect service upon the City of Abbeville.  *Albra*, 490 F.3d at 829.  The fact that it gave the City of Abbeville notice of the suit is not sufficient to cure the defective service.  *Id.*  The Court recognizes that Glover is proceeding pro se but that does not excuse him from compliance with the Federal Rules of Civil Procedure.  *Id.*  This is especially true in this case because the Court allowed Glover extra time to accomplish service.  Doc. 5.  Glover has had ample opportunity to properly serve the City of Abbeville but has failed to do so. Thus, the Court "must dismiss the action without prejudice against that defendant."  Fed. R. Civ. P. 4(m).

Without proper service, the Court does not have personal jurisdiction over the City of Abbeville.  Accordingly, the City of Abbeville's motions to dismiss, Docs. 8; 14, are **GRANTED** and this action is **DISMISSED** without prejudice.

**SO ORDERED**, this the 15th day of April, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
